**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 99-20698**

---

**WILLIAM RAYMOND EUBANKS, DR.,**

**Plaintiff-Appellant,**

**VERSUS**

**PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY,**

**Defendant-Appellee.**

---

Appeals from the United States District Court
for the Southern District of Texas
(H-97-CV-4227)

---

March 20, 2000

Before JOLLY and DeMOSS, Circuit Judges, and DOWD,[*] District Judge.

PER CURIAM:[**]

In August 1989, defendant-appellee Provident Life & Accident Insurance Company ("Provident") issued to plaintiff-appellant Dr. William Randolph Eubanks ("Eubanks") a disability income policy providing for the payment of monthly benefits in the event of "total disability." Under the policy, if Eubanks suffered total

---

[*] District Judge of the Northern District of Ohio, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability as a result of "accidental bodily injury" he would receive benefits for the rest of his life; if Eubanks suffered total disability as a result of "sickness" he would receive benefits only until his sixty-fifth birthday.

On September 9, 1991, Eubanks suffered a hypertensive crisis[1] or stroke[2] during which his vision diminished such that the world looked to him as though "somebody had closed the blinds." A physician associate checked Eubanks' blood pressure during the incident and found it to be "excruciatingly high." Eubanks had a history of high blood pressure but had controlled it with medication. Eubanks also had a history of vision problems in his left eye which resulted in some loss of visual acuity in that eye. Following the incident on September 9, 1991, Eubanks states that he suffers from lack of depth perception and as a result, has been unable to perform his employment as a urological surgeon. The parties do not dispute that Eubanks is totally disabled from performing his job. Eubanks filed a claim for disability benefits with Provident on a form in which he indicated that his claim for total disability was one resulting from injury rather than sickness. For three years Provident made payments on Eubanks' claim. However, in 1995 Provident advised Eubanks that his claim was one for disability resulting from sickness rather than from

---

[1] Hypertension is high arterial blood pressure. A "hypertensive crisis" is "an episode of sudden increased blood pressure."

[2] A stroke is a "cerebrovascular" incident depriving the brain of oxygen.

2

injury and that it would discontinue the payments on Eubanks' sixth-fifth birthday in September 1997, which it did. Eubanks filed suit in December 1997 in Texas state court alleging breach of contract. Provident removed to the Southern District of Texas on grounds of diversity jurisdiction. Eubanks moved for summary judgment on the grounds that Provident was estopped from contending that Eubanks' disability resulted from sickness rather than injury. Provident moved for summary judgment contending that Eubanks' disability was the result of sickness rather than injury. The district court denied Eubanks' motion, granted Provident's motion, and entered a final judgment dismissing the case. Eubanks appeals.

We have carefully reviewed the briefs, the record excerpts, and relevant portions of the record itself. We have also carefully considered the argument of counsel for both sides. For the reasons stated by the district court in its order entered June 2, 1999, we are persuaded that the final judgment entered contemporaneously therewith should be and is

**AFFIRMED.**